**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHANEL R.,[1]** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 12962** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Chanel R.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [19] is granted in part, and the Commissioner's cross-motion for summary judgment [22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 26, 2021, Plaintiff filed a claim for DIB, alleging disability since September 14, 2020. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). An online video hearing was held on September 23, 2024. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended her alleged onset date to October 28, 2022.

On October 28, 2024, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the original alleged onset date of September 14, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: lumbar disc bulge and anterolisthesis; right shoulder rotator cuff tear;

and left shoulder tendinitis. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and frequent reaching in all direction bilaterally. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a security guard. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly evaluate Plaintiff's manipulative limitations; (2) the ALJ did not properly evaluate Plaintiff's pain; and (3) the ALJ did not properly evaluate Plaintiff's mental residual functional capacity.

In advancing her first argument, Plaintiff contends that the ALJ was not qualified to interpret certain abnormal examination findings and, relatedly, improperly relied on outdated medical opinions. Pertinent to those assertions, the State agency medical consultants determined that Plaintiff's handling and fingering abilities were unlimited. (R. 78, 109.) In finding the State agency consultants' opinions persuasive, the ALJ determined that "additional evidence received at the hearing continues to support the DDS assessments." (*Id.* at 22.) The "additional evidence" referenced by the ALJ is comprised of 97-pages of medical records from Suburban Orthopaedics, one of Plaintiff's providers. (*Id.* at 1653-1749.) As Plaintiff points out, those records (that apparently were not reviewed by the State agency consultants) include several findings related to Plaintiff's carpal tunnel syndrome, including multiple positive Tinel's and Phalen's tests. (*Id.* at 1655, 1660, 1666, 1672, 1677, 1681, 1684, 1688, 1690, 1694, 1698, 1701, 1705.) The ALJ noted the positive Tinel's and Phalen's tests in her decision, but concluded that the positive tests did not support Plaintiff's carpal tunnel as being severe because her "treatment for this impairment during the period at issue was limited to observation and physical therapy." (*Id.* at 18.)

The Seventh Circuit has stated repeatedly that an ALJ may not "play[] doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (internal quotations omitted). Consistent with that rule, "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citations omitted).

In this case, as outlined above, the ALJ both interpreted significant medical findings (Tinel and Phalen's tests) and determined that a host of medical records (which included those tests) "supported" the State agency consultants' medical opinions. The ALJ erred by assessing new medical evidence without the aid of medical experts. *See Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021) ("Although a close question, we conclude that the ALJ erred by not soliciting an updated medical opinion interpreting Kemplen's July and September 2017 X-rays."). The ALJ's error is not harmless because the medical evidence at issue reasonably could have changed the State agency consultants' opinions regarding Plaintiff's handling and fingering abilities. *See Carlota R.M. v. Saul*, No. 18-cv-2873, 2019 U.S. Dist. LEXIS 125626, at *23 (N.D. Ill. July 29, 2019) ("[T]he ALJ erred by relying on the state agency physicians' consultive opinions because evidence that became part of the record following those assessments could have changed the state agency doctors' medical opinions. It follows that this was not a harmless error."). Ultimately, the ALJ's errors concerning the new medical evidence

require that this matter be remanded. *See Billi K. v. Saul*, No. 1:20-CV-167-JVB, 2021 WL 9639302, at *2 (N.D. Ind. July 9, 2021) ("The ALJ was [not] empowered to 'play doctor' and determine that the x-ray and Tinel's sign did not support Plaintiff's testimony of hand numbness. . . . The ALJ's failures to confront the evidence supporting Plaintiff's left hand numbness and to submit it to medical scrutiny dictates remand of this matter.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. On remand, the Court requests that special care be taken to ensure that Plaintiff's pain and other subjective symptoms are properly assessed and Plaintiff's mental residual functional capacity is properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [19] is granted in part, and the Commissioner's cross-motion for summary judgment [22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE: October 29, 2026**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**